ILLINOIS LEATHER CO. *v.* FLYNN.

SALE—FRAUD OF VENDEE—INSOLVENCY.

It is not a fraud *per se* for a dealer, though insolvent, to continue to purchase goods, if he buys in good faith, intending to pay for them, and makes no misrepresentation; nor will the fact of a subsequent failure make the purchase fraudulent by relation.  What constitutes fraud in such a case is the presence of an actual intent on the part of the purchaser to obtain the goods without paying for them; and this cannot be inferred from the mere fact of insolvency, nor deduced

from what some other buyer, less hopeful of success in his ventures, might have believed, under like circumstances, with reference to his ability to continue the business.

Error to Wayne; Donovan, J. Submitted December 6, 1895. Decided December 30, 1895.

Replevin by the Illinois Leather Company against William H. Flynn, receiver of W. A. Bourke & Company. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Willis G. Clarke,* for appellant.

*John D. Conely* and *Frank D. Andrus,* for appellee.

MONTGOMERY, J. Defendant was appointed receiver of the property covered by a chattel mortgage given by W. A. Bourke & Co. to the City Savings Bank of Detroit. Plaintiff, by permission of the court, brought replevin against the receiver for 1,001 bales of hair ordered of plaintiff February 10, 1892, and shipped to Bourke & Co. April 15, 1892. On the trial, plaintiff contended that the goods were bought by Bourke & Co. under circumstances raising a presumption that they received the goods having formed the intention of not paying for them, or, at least, under circumstances that show that a man of ordinary prudence would have known that he could not continue the business until the maturity of plaintiff's claim; and the chief contention, as made in this court, is that, under such circumstances, a purchase is to be deemed fraudulent in law.

We think the law is otherwise. It is not the law that, though a dealer is insolvent, he is guilty of fraud if he continues to purchase goods, if he buys in good faith, and in the expectation of continuing in the business. He is not bound to abandon hope. It is true, there is a class of cases in which it has been held that, where the natural effect of the acts of the party is to work a fraud against another, the absence of an intent to defraud is not a de-

fense; but it is not a fraud *per se* for a purchaser of goods to fail to make payment, nor is it a fraud *per se* for a dealer to purchase goods, though insolvent, in the absence of any misrepresentation, and with the intention of paying for them; nor does the fact of a subsequent failure make the purchase fraudulent by relation. What constitutes fraud in such a case is the purpose of the buyer not to pay for the goods. This is not determined by what purpose some other, less hopeful of success in his ventures, might, under like circumstances, have entertained; but, to constitute the purchase fraudulent on this ground, there must have been an actual intent on the part of the purchaser to obtain the goods without paying for them. Tied. Sales, § 170, and cases cited; *Morris* v. *Talcott*, 96 N. Y. 100; *Doyle* v. *Mizner*, 40 Mich. 160; *Edson* v. *Hudson*, 83 Mich. 450.

The circuit judge in the present case withdrew the question of fact from the jury. An examination of the testimony satisfies us that there was no error in this. While there was testimony which might be construed as showing the insolvency of Bourke & Co., as we have pointed out, this fact alone, if established, would not have justified a verdict for the plaintiff. There was no proof of any misrepresentation, nor, as we think, was there any testimony tending to show a preconceived purpose of obtaining these goods, and avoiding payment therefor.

The judgment will be affirmed.

LONG, GRANT, and HOOKER, JJ., concurred. MC-GRATH, C. J., did not sit.