CLEVELAND REFINING CO. *v.* DUNNING.

Contracts—Parol Evidence.

> Parol evidence that a written order for the purchase of goods was given with the understanding that it was to be obligatory only in case the purchaser should be allowed to cancel a similar order previously given to another person is not inadmissible as varying the terms of a written contract.

Case made from Menominee; Stone, J. Submitted October 5, 1897. Decided December 15, 1897.

*Assumpsit* by the Cleveland Refining Company against Alonzo Dunning and others for goods sold and delivered. There was a judgment for plaintiff, and defendants assign error. Reversed.

*Sawyer & Waite*, for appellants.

*J. M. Opsahl*, for appellee.

Hooker, J. The defendants executed an instrument, of which the following is a substantial copy:

April 7, 1893.

Cleveland Refining Co.
Ship to Dunning Bros. ·
P. O., Menominee.  County,———.  State, Michigan.
F. O. B. Cleveland.  Time, April 30, '93.
Route,———.
10 bbls. 15 cold test black oil.
*       *       *       *       *       *       *

Dunning Bros. & Co., Purchaser.
No. ——.  Terms, 60 da.        M. J. Walsh, Agent.

This instrument was a blank form presented by plaintiff, and duly filled, as above. The goods having been shipped and refused, action was brought to recover the price. The defendants sought to show that the blank order was filled out at the solicitation of the plaintiff's

agent, who was then allowed to take it, upon the understanding that it was to be obligatory only in case the defendants should be allowed to cancel a similar order previously given to the Standard Oil Company, but that they were not permitted to do this, and so informed the plaintiff. This was excluded upon the ground that the writing could not be varied by parol. In this there was error. The making and delivering of a writing, no matter how complete a contract according to its terms, is not a binding contract if delivered upon a condition precedent to its becoming obligatory. In such case it does not become operative as a contract until the performance or happening of the condition precedent. Proving this is not an attempt to vary the terms of a writing admitted to have been executed and delivered with the understanding that it should take effect, as was the case in *Phelps* v. *Abbott*, 114 Mich. 88. See Bish. Cont. § 170; *Ware* v. *Allen*, 128 U. S. 590.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.