OHIO POTTERY & GLASS CO. *v.* PICKLE & SON.

[66 South. 321.]

EVIDENCE. *Parol evidence. Written contract.*

In a suit on a written contract for the purchase of goods by a firm consisting of father and son, parol evidence that the son gave the order in the absence of the father upon the understanding and agreement that, if his father was not willing for him to make the purchase, then the order would be countermanded, and that he would not have made the order, except upon this understanding, and condition; and that his father refused at once to approve the order, and notice thereof was promptly given to the seller, and none of the goods were accepted by the firm, was not objectionable, as contradicting the written contract, since its effect was to prove a condition precedent to the contract taking effect at all. In such case the contract did not become operative until the happening of the condition precedent.

APPEAL from the circuit court of Leak county.

HON. C. L. DOBBS, Judge.

Suit by the Ohio Pottery & Glass Company against J. R. Pickle & Son. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*J. L. McMillon,* for appellant.

*W. A. Ellis,* for appellee.

REED, J., delivered the opinion of the court.

Appellant sued appellees on an account for merchandise. On the trial a written order for the goods shown in the account, signed "J. R. Pickle & Son, per H. W. Pickle," was introduced in plaintiff's testimony. H. W. Pickle, the son of J. R. Pickle, and a partner with his father in the business of J. R. Pickle & Son, testified that his father was not present at the store when the order was solicited by the traveling salesman, and that he gave the order upon the understanding and agreement that, if his father was not willing for him to make the purchase, then the order could be countermanded (that is, that the sale would not be effective), and that he would not have signed the order, except upon this understanding and condition; that his father refused at once to approve the order, and notice thereof was promptly given by him to appellant. None of the goods were accepted by appellees. The case was submitted to the jury, and a verdict returned in favor of defendants.

Appellant assigns as error the action of the trial court in admitting parol testimony in reference to the order of sale, claiming that such testimony was inadmissible, because it varied and contradicted the written contract. Parol evidence was admissible in this case, because it was introduced to show a condition precedent to the order of sale. The traveling salesman received it, upon the understanding that it would not be effective and binding if it was not approved by J. R. Pickle. If J. R. Pickle withheld his willingness to the order, then the order

was to be treated as not having been given and of no effect. The evidence was not to vary or contradict a written contract, but to show a condition precedent to its going into full operation. Upon this subject we quote from Elliott on Contracts, paragraph 1636:

"The general rule which excludes parol evidence, when offered to contradict or vary the terms, provisions, or legal effects of a written instrument, is subject to many qualifications. Among these qualifications is one to the effect that conditions relating to conditions precedent may be shown by extrinsic evidence. A party who concedes that the instrument evidencing the contract was placed in the possession of the party seeking relief, but claims that the latter took it with the understanding that it was not to go into effect until the happening of some other or further event, and that such event has not transpired, is not considered as one seeking to vary or contradict a written contract, but as one endeavoring to show that no contract between the parties ever in fact came into existence. For this reason, evidence of such conditions precedent is held admissible."

In the case of *Cleveland Refining Co.* v. *Dunning,* 115 Mich. 238, 73 N. W. 239, it was decided:

"Parol evidence that a written order for the purchase of goods was given with the understanding that it was to be obligatory only in case the purchaser should be allowed to cancel a similar order previously given to another person is not admissible as varying the terms of a written contract."

Delivering the opinion of the court, Judge Hooker said:

"The making and delivering of a writing, no matter how complete a contract according to its terms, is not a binding contract, if delivered upon a condition precedent to its becoming obligatory. In such case it does not become operative as a contract until the performance or happening of the condition precedent."

In *Pym* v. *Campbell*, 6 El. & Bl. 370, it was held that parol evidence was properly admitted to show that the "written contract of sale was to become a binding obligation only on the approval of the purchase by the vendee's engineer."

J. R. Pickle did not give his consent to the order, and it was not, therefore, a binding contract.

*Affirmed.*