SCHLATER MERCANTILE CO. *v.* BRINLY-HARDY CO.

[68 South. 444.]

EVIDENCE. *Parol evidence to vary writing. Conditional delivery of contract.*

Where defendant signed an order for goods, which recited that 'there is no further agreement or stipulation than what is here in writing" he could nevertheless show by parol evidence, that the order was signed under the express agreement that it would be pocketed by the seller's salesman until the buyer could ascertain whether he could purchase goods from a company with which he had been dealing, or whether he could obtain a better price from other dealers and that the order was not to take effect unless he afterwards decided to purchase the articles therein listed.

APPEAL from the circuit court of Leflore county. HON. MONROE McCLURG, Judge.

Suit by the Brinly Hardy Company against the Schlater Mercantile Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Hill & McBee,* for appellant.

*Gardner & Whittington,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This suit was instituted in the court below by appellee to recover of appellant the value of certain goods, wares,

and merchandise shipped by appellee to appellant upon an alleged written order signed by appellant. This order was, according to the evidence of appellant, signed under the following circumstances: Appellee's traveling salesman called upon appellant's president and general manager, W. J. Brown, and stated to him that he understood that appellant would not be able to purchase goods from the John Deere Plow Company, with which it had theretofore been dealing, as that company had arranged to sell goods in that territory to another party; that after some further conversation Brown signed an order addressed to appellee for certain articles, with the express agreement that this order should not be forwarded to appellee, but should be "pocketed" by the salesmen; that Brown would then ascertain whether or not he could purchase goods from the John Deere Plow Company, and, if not, whether he could obtain better prices from dealers other than appellee, and in event he could not do so, and should then decide to purchase goods from appellee, he would meet appellee's salesman in Memphis and complete the order; that is, he would then order, not only the article set forth in the writing here in question, but others sufficient to make a car load. This evidence was introduced over the objection of appellee, and was contradicted by its salesman, who testified as a witness in the case. This order was given subject to the approval of appellee, and recited that "there is no further agreement or stipulation than what is here in writing." Instead of "pocketing" this order, this salesman immediately forwarded it to appellee, who thereupon acknowledged receipt of it to appellant, whereupon appellant advised it of the circumstances under which it claimed the order was given, requested it not to ship the goods, and stated that it would decline to receive them in event they were shipped. This notice and request was disregarded by appellee, and the goods were shipped, but appellant de-

clined to receive them, and, so far as this record discloses, they are still in the possession of the railroad company by which they were transported to appellee's station. At the close of the evidence the court charged the jury peremptorily to find for the plaintiff.

It is sought to uphold this instruction on the ground that to give effect to the alleged agreement that this written order was not delivered as a present contract, but was to take effect only in event appellant afterwards decided to purchase the articles therein listed, would be to vary the terms of a written contract by parol, and therefore that it should be disregarded, and the contract enforced as written. This contention has been ruled against appellee by the case of *Ohio Pottery & Glass Co.* v. *Pickle,* 66 So. 321, and consequently the judgment of the court below must be, and is, reversed, and the cause remanded.

*Reversed and remanded.*