FRISCHKORN REAL ESTATE CO. *v.* HOSKINS.

1. EVIDENCE—ORAL EVIDENCE INADMISSIBLE TO VARY TERMS OF WRITTEN CONTRACT.

> Where a written contract for the exchange of real estate provided that in case defendant was unable to perform he would pay to plaintiff broker all damages it might sustain by reason thereof, evidence of an independent oral agreement to the contrary, on the contention that it was a condition precedent, *held,* inadmissible, since it tended to vary the terms of the written contract.

2. BROKERS—COMMISSIONS—DEFECTIVE TITLE—NOTICE—AGREEMENT TO PERFECT TITLE.

> Where all the parties to a contract for the exchange of real estate knew that defendant's property was mortgaged and that he would have to make an adjustment in relation thereto before he could perform, which he agreed to do or pay the broker whatever damages it might sustain by reason of his inability to perform, knowledge of the broker of the condition of defendant's title would not defeat its right to the commission; the facts of the case bringing it within the exception to the general rule that a broker may not recover his commission where the deal fails because of defect in his principal's title, of which he has notice.

Error to Oakland; Covert (Frank L.), J.   Submitted October 4, 1923.   (Docket No. 33.)   Decided January 25, 1924.

Assumpsit by the Frischkorn Real Estate Company against John C. Hoskins for breach of a contract for

On default of principal in entering into or carrying out contract with purchaser, as affecting broker's right to commissions, see note in 43 L. R. A. 593.

On general rule that parol evidence is not admissible to vary, add to, or alter a written contract, see note in 17 L. R. A. 270.

an exchange of real estate.    Judgment for defendant. Plaintiff brings error.    Reversed, and judgment entered for plaintiff.

*Frank N. Renaud* and *Max Hulett,* for appellant.

*A. L. Moore,* for appellee.

McDONALD, J.    This action is brought to recover damages growing out of the failure of the defendant to carry out an agreement for the exchange of real estate.    The damage claimed is the loss of a broker's commission.    The plaintiff is a Michigan corporation engaged in the real estate business in the city of Detroit.    The defendant is president of the Hoskins Investment Company of Pontiac, Michigan, and is also engaged in the business of buying and selling real estate.    Together with other members of his company he owned land in the vicinity of Pontiac, known as the Newton farm, on which there was a mortgage of $49,000.    As agent for one W. J. Davie, the plaintiff had the sale of an apartment property in the city of Detroit.    A written agreement was entered into between the plaintiff and defendant in which the defendant agreed to exchange a part of the Newton farm subject to a mortgage of $35,000 for the Detroit apartment.    To carry out the agreement it was necessary for the defendant to secure the consent of the mortgagee to a division of the $49,000 mortgage, so that $35,000 of it only would apply to the land which he had agreed to exchange.    It was understood that the plaintiff should receive a commission of $3,000 from Mr. Davie.    The defendant was compelled to abandon the contract because of his inability to secure the consent of the mortgagee to a division of the mortgage.    The plaintiff is suing to recover of the defendant the $3,000 commission which it would have received from Mr. Davie if the deal had been con-

summated. Its action is based upon the following clause in the contract:

"In the event that said exchange is not affected by reason of my refusal or inability so to do, I agree to pay Frischkorn Real Estate Co., all damages they may sustain by reason thereof."

The defendant claims that the agreement was not binding; that it never became operative as a contract because it was executed and delivered on a condition precedent to its becoming obligatory; that it was agreed between them that the consummation of the deal depended entirely upon defendant being able to secure a division of the mortgage, and that, as he was not able to accomplish this, the contract never became operative. To sustain this contention oral evidence of the condition precedent was received over plaintiff's objection. At the close of the proofs both parties moved for a directed verdict. The court submitted the case to the jury on the question as to whether or not there was an agreement as to a condition precedent. The verdict was for the defendant. The plaintiff moved for a judgment *non obstante*, which was denied, and a judgment entered upon the verdict.

The questions involved are, *first,* was oral testimony admissible for the purpose of showing a condition precedent, and, *second,* may the plaintiff, who had actual knowledge of the incumbrance on the property, recover a commission when the deal failed of consummation because of such incumbrance.

1. In permitting the receipt of oral testimony as to a condition precedent to the taking effect of a written contract, this court said in *Cleveland Refining Co.* v. *Dunning,* 115 Mich. 238:

"The making and delivering of a writing, no matter how complete a contract according to its terms, is not a binding contract if delivered upon a condition precedent to its becoming obligatory. In such case it does not become operative as a contract until the per-

formance or happening of the condition precedent. Proving this is not an attempt to vary the terms of a writing admitted to have been executed and delivered with the understanding that it should take effect as was the case in *Phelps* v. *Abbott,* 114 Mich. 88."

An examination of the facts in *Cleveland Refining Co.* v. *Dunning* will show that the contract there involved was one that the statute of frauds did not require to be in writing, and it is here urged that, as the contract before us was one required by the statute to be in writing, the holding in that case is not controlling. Without passing this question, the rule is well established that to permit evidence of a preliminary or contemporaneous oral agreement, it must appear that it is consistent with the terms of the writing, not negatived by the writing itself, that it does not tend to vary or contradict the written instrument, and that its terms are independent of those which the writing purports to express. 22 C. J. p. 1245; 10 R. C. L. p. 1035. If the writing deals with the particular element of the negotiation sought to be proven, evidence thereof is not admissible.

The contract here provided that in case of the refusal or inability of the defendant to perform he would pay all damages the plaintiff should sustain by reason thereof. Defendant now seeks to show an independent agreement by which he was to be relieved from his inability to perform, and his liability for damages in case he could not secure the consent of the mortgagees to a division of the $49,000 mortgage. Such an agreement would be inconsistent with his undertaking in the writing and tend to vary its terms. It does not come within the holding of any of the cases relative to conditions precedent. Evidence thereof was clearly inadmissible.

2. May the plaintiff, who had actual knowledge of the incumbrance on the property, recover a commission when the deal failed of consummation because of such

incumbrance?    This question has been before this court in the following cases:    *Appleby* v. *Sperling*, 194 Mich. 681; *Cain* v. *Masurette*, 196 Mich. 7; *Gettleson* v. *Lewis*, 206 Mich. 113; *Chapin* v. *Bolles Iron & Wire Works*, 213 Mich. 514.

In *Chapin* v. *Bolles Iron & Wire Works*, Mr. Justice FELLOWS, after reviewing the previous cases, says:

"This resumé of these three cases demonstrates that while we have recognized the general rule we have at the same time recognized that it has its limitations and qualifications.    In the *Cain* and the *Gettleson Cases* we cited 4 R. C. L. p. 313.    We now quote what was there said on this subject: .

" 'Accordingly, although it has been held that the fact that the broker knew of the defect in the principal's title and of the equitable estate of a third person therein would not defeat his right to commissions, the decisions generally hold that a broker, who at the time he makes his contract with the owner, knows of defects in the employer's title, or knows of facts sufficient to put a prudent person on inquiry, which, if followed with reasonable diligence, would have resulted in such knowledge, is not entitled to recover where the sale fails because of such facts, *unless it was the intention of the parties that the employer should subsequently perfect his title in order to be able to perform.*' "

In the instant case every one connected with the transaction knew of the existence of the $49,000 mortgage; they knew that some adjustment of this mortgage must be made before the defendant could perform under the contract, and that this adjustment was to be made by the defendant.    That such was the intention of the parties is conceded.    In view of the undisputed evidence on this question, the case falls within the exception to the general rule, as announced in *Chapin* v. *Bolles Iron & Wire Works, supra.*    It follows that the plaintiff is not precluded from recovering its commission because of its knowledge of the incumbrance which prevented the consummation of the deal.    The circuit judge should have granted plaintiff's motion for a directed verdict.    Having

failed to do this he should have entered a judgment *non obstante veredicto* as requested.

The judgment is reversed, with costs against the defendant. The circuit judge will enter a judgment for the plaintiff.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.