## WEBER *v*. HALL BROTHERS.

1. EVIDENCE — WRITTEN CONTRACTS — VARIANCE BY PAROL AGREEMENT.

Testimony that acceptance by the seller of written orders for lumber was subject to a parol understanding that it might make an investigation as to the buyer's financial condition, and, if not satisfactory, the orders might be canceled, *held*, not to vary the terms of the contracts.[1]

2. SALES—BREACH OF CONTRACT—REFUSAL TO SHIP.

A contract for the sale of lumber, accepted subject to an oral understanding that it should be binding on the seller only in the event that an investigation showed the buyer's financial condition to be such as would justify making such shipments, was not breached by the seller's refusal to ship after investigation and conclusion that it would be unsafe to do so without security for the payment.[2]

3. EVIDENCE—WRITTEN CONTRACTS—WHEN PROOF OF ORAL AGREEMENT ADMISSIBLE.

To establish an oral agreement contemporaneous with one required by law to be in writing, it must appear that the oral agreement is consistent with the terms of the writing, that it does not tend to vary or contradict it, and that its terms are independent of those which the writing purports to express.[3]

4. PLEADING—INCONSISTENT DEFENSES.

In an action by the buyer for damages for the breach of a contract for the sale of lumber, defenses of which notice was given under 3 Comp. Laws 1915, § 12464, and Circuit Court Rule No. 23, § 5, (1) that the contract was accepted subject to cancellation if the buyer's financial condition was not found satisfactory, and (2) that it was accepted in reliance upon the buyer's express statement that it was solvent, whereas, in fact it was then insolvent, *held*, not inconsistent.[4]

[1]Evidence, 22 C. J. § 1544 (Anno); [2]Sales, 35 Cyc. p. 163; [3]Evidence, 22 C. J. §§ 1663, 1667; Sales, 35 Cyc. p. 629; [4]Pleading, 31 Cyc. p. 150.

On general rule that parol evidence not admissible to vary, add to, or alter a written instrument, see note in 17 L. R. A. 270.

5. SAME—TEST AS TO WHETHER DEFENSES ARE INCONSISTENT.

The test applied to determine whether or not defenses are inconsistent, is whether the truth of one defense establishes the falsity or impossibility of the other.[5]

6. SALES — ACCEPTANCE OF CONTRACT IN RELIANCE UPON FALSE REPRESENTATIONS MAY BE SHOWN.

In an action by the buyer for the breach of a contract for the sale of lumber, the seller may show that in accepting the contract it relied upon the buyer's representations that it was solvent, and that they were false, although it did not make any shipments in reliance thereon.[6]

7. SAME—BUYER'S FINANCIAL CONDITION MAY BE SHOWN.

Proof of the financial condition of the buyer before, at the time, and after the contract was accepted, was properly admitted on the question of the truth or falsity of its representations that it was solvent.[7]

8. SAME—DEALER IN FINANCIAL STRAITS MAY PURCHASE GOODS IN GOOD FAITH.

A dealer in financial straits may continue to purchase goods, if he buys in good faith and in expectation that he will be able to continue his business and pay for them.[8]

9. SAME—INSTRUCTIONS.

An objection that the court allowed the jury to interpret the written contract, *held*, without merit; the charge as a whole presenting the issues involved fully and correctly.[9]

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted April 23, 1925. (Docket No. 12.) Decided June 18, 1925. Rehearing denied October 1, 1925.

Assumpsit by William G. Weber, receiver of Edward M. Bliss and Aaron T. Bliss, copartners as the Bliss Lumber Company, against Hall Brothers, Ltd., for the breach of a contract for the sale of lumber. Judgment for defendant. Plaintiff brings error. Affirmed.

*Charles E. Duffy*, for appellant.

*Atkinson, Schweikart & Clark*, for appellee.

[5]Pleading, 31 Cyc. p. 150; [6]Sales, 35 Cyc. p. 629; [7]Id., 35 Cyc. p. 629; [8]Id., 35 Cyc. p. 81; [9]Contracts, 13 C. J. § 1031 (Anno).

SHARPE, J.    On July 26, 1922, a representative of the defendant corporation was in Detroit and took three written orders for lumber, aggregating about 230,000 feet and amounting at the price agreed upon to upwards of $15,000, from the Bliss Lumber Company.    These orders were accepted in writing by defendant's representative in its name.    His authority to do so is not questioned.    After stating the kind and quality of the lumber to be shipped, the several orders contained the following:

"Terms—2% upon arrival after unloading.    This is in accordance with understanding between your Mr. J. L. Hall and Mr. E. M. Bliss."

The defendant refused to ship the lumber, and plaintiff as receiver of the Bliss company brought this action to recover damages for breach of contract. Plaintiff reviews by writ of error the judgment entered on a verdict by the jury of no cause for action.

(The word "plaintiff," when hereinafter used, will also apply to the Bliss company.)

With its plea of the general issue the defendant gave notice that it would show:

(1) That its acceptances of the orders were subject to an understanding that it might make an investigation as to plaintiff's financial condition and, if not satisfactory to it, the orders might be canceled.

(2) That the orders were accepted in reliance on plaintiff's express statement that the firm was at that time solvent, whereas in fact it was then insolvent.

We will consider the assignments of error in the order in which they have been grouped and discussed by counsel.

1. Over the objection of counsel for plaintiff, evidence was admitted tending to prove the claim of defendant as stated in the first paragraph of its notice of defense.    Counsel for plaintiff insists that such proof tended to vary the terms of the written instru-

ment.    If the orders were accepted by defendant's salesman on the understanding that they should be binding upon defendant only in the event that on investigation it found the financial condition of the plaintiff to be such as would justify the making of such shipments to it, and the defendant, after an investigation, concluded that it would be unsafe to make delivery without security for the payment of the lumber to be shipped, there was nò breach of the contract on its part for failure to deliver.    *Cleveland Refining Co.* v. *Dunning,* 115 Mich. 238.    The test as to the admissibility of such proof is clearly stated by Mr. Justice MCDONALD in *Frischkorn Real Estate Co.* v. *Hoskins,* 226 Mich. 30, 33.    It must appear that the contemporaneous oral agreement sought to be established—

"is consistent with the terms of the writing, not negatived by the writing itself, that it does not tend to vary or contradict the written instrument, and that its terms are independent of those which the writing purports to express."

The parol understanding or agreement was not subject to exclusion under any of these tests.

In *Rothstein* v. *Weeks,* 224 Mich. 548, it was held that such an agreement was enforceable when the contract was one which the law required to be in writing.

2. It is urged that the separate defenses of which defendant had given notice were inconsistent with each other, and that there was error in permitting proof as to both and in their submission to the jury. While under the rules of the common law in an early day but one defense to an action at law was permitted, under our procedure separate and distinct defenses may be insisted upon.    The defendant here, in order to avail itself of the defenses relied on, was required to annex a notice thereof to its plea of the general issue (3 Comp. Laws 1915, § 12464), and to state each de-

fense in a separate division of the notice (Circuit Court Rule No. 23, § 5). These requirements, designed to prevent surprise to the opposite party, were complied with. There is some conflict in the authorities as to the right to interpose defenses which are inconsistent with each other. This subject is discussed at length in 31 Cyc. p. 143, and in 21 R. C. L. p. 472. A copious note, in which the cases are reviewed and commented on, will be found in 48 L. R. A.. beginning at page 177.

Many of the cases cited and reviewed are from courts of last resort in States having a code practice. While this State has no code, our practice and procedure have been so liberalized by statute and rule that the holding in these States may well be said to be applicable here. In *Creen* v. *Railroad Co.,* 168 Mich. 104, 110 (Ann. Cas. 1913C, 98), it was said:

"While this State has no code and the common-law form of pleading obtains, special pleadings have been abolished, and numerous innovations and modifications which formerly would not have been tolerated have been introduced, tending to relax technical rules and simplify the practice."

In jurisdictions. where the test of inconsistency is applied, the rule of determination is: Does the truth of one defense establish the falsity or impossibility of the other? It would be unreasonable to permit a defendant to call witnesses to establish a particular defense and then follow them with others who would deny the truth of what those first called had testified to.

The separate defenses here made show no such inconsistency. In effect, the claim of the defendant is (1) that its representative accepted the orders in reliance on the representation of Mr. Bliss that the company was solvent, and that payment for the lumber could be enforced against it, and (2) that, as a further

precaution and protection to defendant, he secured from Mr. Bliss an agreement that the contracts should not be binding on defendant unless upon investigation it found that the plaintiff's financial condition would warrant the shipment of the lumber.

*Greenberg* v. *Sakwinski*, 211 Mich. 498, was an action to recover a commission on a sale of real estate. In one count plaintiff claimed that he had found a purchaser, who had signed a land contract for the purchase, and that his commission was earned. In another he alleged that he had an exclusive agency, that it had been terminated by defendant without notice to plaintiff, and for that reason he was entitled to recover. This court held that the separate counts "fully advised of all plaintiff claimed, were cumulative, not inconsistent and required no election." A rule as to inconsistent defenses certainly should be no more stringent in its application than to claims made in separate counts in a declaration. We conclude that there was no error in submitting these defenses to the jury.

3. It is urged that the undisputed proofs show that the representation made by Mr. Bliss was not relied on, and for this reason this claim should not have been submitted to the jury. It is true that the defendant did not ship the lumber in reliance on it. It is not seeking to recover damages for the fraud practiced upon it. It is justifying its refusal to comply with its undertaking to ship, evidenced by its acceptance of the orders, by showing that a representation made and relied on, when the orders were accepted, was not true.

4. Over plaintiff's objection, defendant was permitted to introduce proof of the financial condition of the plaintiff before, at the time, and after the orders were accepted. Defendant is not predicating its claim of fraud upon the fact that plaintiff was insolvent at

the time the contract was made.    A dealer in financial straits may continue to purchase goods, if he buys in good faith and in expectation that he will be able to continue his business and pay for them.    *Illinois Leather Co.* v. *Flynn,* 108 Mich. 91.    The court in effect so instructed the jury.    The issue here was as to the truth or falsity of the representation made. The proof submitted was, we think, admissible in its bearing upon that issue.

5. Error is assigned upon certain portions of the charge.    It is said that in them the court "allowed the jury to interpret the written contract."    We cannot so conclude.    In that part of the charge complained of, the court was instructing them upon the effect of the understanding or agreement referred to in the first paragraph hereof.    We are satisfied that, taking the charge as a whole, it fully and correctly instructed the jury as to the issues they were to pass upon and the effect of their findings on disputed questions of fact.

After a careful consideration of the entire record, we cannot but conclude that plaintiff's rights were fully protected on the trial, and that the verdict and judgment were warranted by the proofs.

The judgment is affirmed.

McDONALD, C. J., and CLARK, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.    BIRD, J., did not sit.