PLANT FLOUR MILLS Co. v. SANDERS & ELLIS.

(Division A. November 26, 1934. Suggestion of Error Overruled, April 29, 1935.)

[157 So. 713. No. 31450.]

Robertson & Campbell, of Jackson, for appellant.

**F. E. Leach,** of Carthage, for appellee.

Argued orally by **Chas. S. Campbell,** for appellant.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment denying the appellant a recovery for the alleged breach of a contract by the appellees, alleged to have been made by them with the appellant, for the sale to them of flour and shorts.

The appellant's complaints are that the court below erred (1) in admitting certain testimony offered by the appellees, and (2) in refusing to direct the jury to return a verdict for the appellant.

The suit is against L. J. Sanders and S. C. Ellis, alleged to have been doing business as copartners under the name of Sanders & Ellis, and Horace Sanders.

The evidence for the appellant is, in substance, that Cobb, its traveling salesman, solicited the contract from Ellis, who agreed thereto, but stated that L. J. Sanders was his partner and should be consulted about it. Sanders had another place of business to which Cobb then went, accompanied by Ellis. Sanders then agreed to the contract, and signed it in the presence of Ellis as follows: "Sanders & Ellis, by L. J. Sanders."

According to the evidence for the appellees, the partnership was composed of S. C. Ellis and L. R. Sanders; L. J. Sanders having no connection therewith. He (L. J. Sanders) was related to both Ellis and L. R. Sanders, had loaned both of them money, and was frequently consulted by them relative to their mercantile business; that L. J. Sanders, without authority so to do and without the knowledge of either Ellis or L. R. Sanders, signed the contract at Cobb's request, but with the distinct understanding that Cobb would submit it to Ellis & Sanders for approval. This Cobb failed to do, and the making of the contract was not reported by L. J. Sanders to either Ellis or L. R. Sanders. Shortly after the execution of the contract, Cobb called Ellis & Sanders over the telephone, the call being answered by Ellis, and stated to him that the appellant would not accept the contract because the prices of the flour and shorts were not satisfactory to it, and, therefore, had cancelled it.

According to the appellant, there were two such telephone conversations. In the first, Cobb advised Ellis that the appellant would not sell the flour at the price stated in the contract, and Ellis stated that his firm would not pay more therefor. Cobb then called the appellant over the telephone; was directed to, and did, advise Sanders & Ellis, by telephone, that the contract would be accepted as written.

The contract provides that the flour and shorts should be shipped by the appellant as and when directed by

Sanders & Ellis, and "constitutes the complete agreement between the parties hereto and cannot be changed in any manner whatsoever without the written consent of both buyer and seller."

According to the appellant, the contract was received by it from Cobb on September 25, 1932; that it thereupon approved the contract and purchased wheat with which to make the flour and shorts. On October 4th, appellant wrote Ellis & Sanders a letter, prefacing it with the words "Attention Mr. L. J. Sanders," acknowledging receipt of the contract, inclosing a copy thereof, and asking for shipping directions. Receiving no reply to this letter, it then again wrote the appellees on October 27th, November 8th, and November 21st, calling their attention to the contract and asking for shipping directions. No reply to any of these letters was received by the appellant. On January 13, 1933, the appellant again wrote Ellis & Sanders calling their attention to the contract, and stated that "unless we should hear from you within the next few days," it would be compelled to assume that "you have no intention of taking it, and on January 23rd, 1933, terminate it as provided in the contract, and bill you for loss, carrying charge, etc." Ellis & Sanders denied receiving the first of these letters, admitted receiving the others, and that no replies were made thereto. The letter of January 13th was replied to by Ellis & Sanders as follows: "As per your letter of the 13th. The flour was booked in good faith, but it has been impossible for us to take any from it up to this time. So please cancel the order." Prior to the institution of this suit, Ellis & Sanders sold their mercantile business to L. J. and Horace Sanders without complying with the Bulk Sales Law (Code 1930, sections 3353-3356).

The evidence admitted over the objection of the appellant is the oral agreement of Cobb with L. J. Sanders that the contract should not become operative until

approved by Ellis & Sanders. The ground of the objection is that the contract was complete on its face, and that contemporaneous oral agreements relative thereto are inadmissible to contradict or modify its terms.

If the evidence for the appellees be true, then L. J. Sanders was without any authority to execute the contract, and, therefore, whether he made an oral agreement relative thereto with Cobb is immaterial. But if it can be said from the evidence that he was authorized to execute the contract, the evidence of the oral agreement was admissible; for the rule is that, "Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative if there is nothing in the writing inconsistent therewith." Restatement, Contracts, section 241; Ohio Pottery & Glass Co. v. J. R. Pickle & Son, 108 Miss. 51, 66 So. 321. The stipulation in the contract that it "constitutes the complete agreement between the parties hereto and cannot be changed in any manner whatsoever without the written consent of both buyer and seller" is not inconsistent with the oral agreement that it should not become operative until approved by Ellis & Sanders. Schlater Mercantile Co. v. Brinly-Hardy Co., 109 Miss. 300, 68 So. 444.

The ground of the appellant's contention that the court below should have granted its request for a directed verdict is that Ellis & Sanders are estopped, by their failure to reply to the appellant's letters, from now asserting that the contract did not become operative and binding upon them. "The principle on which the doctrine of estoppel by conduct rests is that it would be a fraud in a party to assert what his previous conduct had denied, when on the faith of that denial others have acted.

When silence becomes a fraud, it will operate as an estoppel. Estoppel by conduct 'arises from an act or declaration of a person intended or calculated to mislead another, on which that other has relied, and has so acted, or refrained from action, as that injury will befall him if the truth of the act or declaration be denied.' " Staton v. Bryant, 55 Miss. 261; Strauss Bros. v. Denton, 140 Miss. 745, 106 So. 257, 45 A. L. R. 341; Wellford & Withers v. Arnold, 162 Miss. 786, 140 So. 220.

In order for the failure of Ellis & Sanders to reply to the appellant's letters to estop them from now denying the existence of the contract therein referred to, it must appear not only that they knew the appellant was claiming that the contract had been executed, but also, because of such claim, it would so act as that injury would befall it if the truth of its claim be now denied; and, further, that because of their failure to reply to the letters, the appellant did so act. There is nothing in the letters indicating, or should have caused Ellis & Sanders to suspect, that the appellant would do anything under the contract except to ship the flour and shorts as and when directed by them so to do. The only act of the appellant which would now result in damage to it, if the contract be denied, was the purchase by it of the wheat with which to manufacture the flour and shorts; and this was done, not in reliance on the failure of Ellis & Sanders to reply to its letters, but immediately upon the receipt of the contract by it from Cobb. No estoppel, therefore, here arose. Hart v. Livermore Foundry & Machine Co., 72 Miss. 809, 17 So. 769; Davis v. Butler, 128 Miss. 847, 91 So. 279, 709.

Affirmed.