NEW ORLEANS, JACKSON & GREAT NORTHERN RAILROAD COMPANY *v.* PRESSLEY, GREER & CO.

1. EVIDENCE— UNSTAMPED INSTRUMENTS MAY BE STAMPED WHEN OFFERED AS EVIDENCE.— Where the party offering in evidence an instrument required by act of congress to be stamped, upon objection made for want of a stamp, offers then to affix the requisite stamp, it is error to refuse permission to stamp it and read it in evidence.

2. SUPREME COURT WILL NOT NOTICE ERRORS, NOT ON THE RECORD.— Where a motion for a new trial appears on the record, but the record is silent as to what disposition was made of it, this court will not notice a refusal to grant the new trial.

3. EXPRESS CONTRACT EXCLUDES IMPLIED ONE.— If there is an express contract, the plaintiff cannot recover on an implied one.

4. SPECIAL CONTRACT — PLEADING — COMMON COUNTS.— If there be a special contract, in writing or verbal, the plaintiff cannot employ the common counts, unless the special agreement has been executed or completely performed.

5. SAME — SAME — INDEBITATUS ASSUMPSIT.— *Indebitatus assumpsit* will only lie, in case of a special contract, where the money price is unpaid, and there has been full performance.

6. SAME — CONTRACT TO PAY IN ANY THING BUT MONEY MUST BE SPECIALLY DECLARED ON. — Where there is a special agreement to pay for goods or services in any other way than in money, it must be specially declared upon.

7. SAME — BREACHES ASSIGNED IN PLEADING.— Where the parties have made a special contract, and one party has sustained damages, by a non-performance by the other party of any stipulation on his part, in declaring on the contract that breach ought to be distinctly stated.

8. SAME — MEASURE OF RIGHT AND RESPONSIBILITY. — The special contract is to both parties the measure of right and responsibility: neither party can go for a *quantum meruit.*

ERROR to the circuit court of Copiah county. MILL-SAPS, J.

The facts appear in the opinion of the court.

*W. P. Harris* and *W. & J. R. Yerger,* for plaintiff in error.

The contract was signed by both parties, and the failure to stamp was as much the fault of one party as the other. If one party cannot avail himself of the contract because unstamped, on what ground can the other recover upon it?

The rule is, that if a contract is in writing, and inadmissible for want of a stamp, a party cannot recover by resorting to parol evidence. It would be a strange ruling that on a written contract for the hire of an engine, by which the use of the engine was to be paid for in pumping water, either party may sue and recover on the "*quantum meruit*" — one for the pumping and the other for the hire.

It is always competent to show that the contract, on which the case of the plaintiff rests, is in writing and unstamped, even if he sue as on a parol or implied contract, otherwise the stamp act may be evaded, and there will be no difference between stamped and unstamped contracts.

The problem was worked out by the court, by the most extraordinary legal propositions: 1. That the contract with Pressley & Co., being unstamped, bound nobody, and was

absolutely void; 2. That, unless a new contract was made after Hoffman joined the firm, the new firm in continuing to keep the engine and continuing to supply the water did so under an implied contract; that is to say, that without notice to or consultation with the company, the law overruled the first written contract and substituted a second directly contradictory in terms with the first.

Here was a *continuing contract.* The case is very different from a debt due by the old firm. Hoffman, by his frequent visits to the engine, his general interest in the matter, his transfer of the account to Groome & Co., and his causing suit to be brought, showed he considered himself as interested in the original contract.

The failure to stamp a contract does not render it void, unless the omission was with a fraudulent intent. Randall v. Yates, opinion book, E. 93 ; 47 Barb. (N. Y.) 187; ib. 302 ; ib. 50 ; 53 Penn. St. 176 ; M. Co. v. F. P. Co., Mass. 150.

The contract was invoked for a collateral purpose, not to be recovered on or to be enforced.

The want of a stamp does not render the contract void, and the court should allow or direct the stamp to be appended where no fraud appears.

*King & Mayes,* for defendant in error.

As the instructions are not marked, "given" or "refused," and no exception was taken in the court below, either to the giving or refusal of any of these or to the overruling of the motion for a new trial, and no disposition appears by the record to have been made of the motion, the only questions which arise upon the record (41 Miss. 104 ; 39 ib. 324) are as to the rulings of the court below.

1st. In excluding from the jury the written contract of November 15, 1865, signed by Y. O. Pressley & Co. and W. N. Raines, for the want of a proper revenue stamp.

2d. In excluding from the jury the same paper, if the same had been, on the day of trial (the 16th of October, 1869), stamped in the court by the plaintiffs in error.

3d. In not permitting the witnesses, Raines and Redus, to testify to the contract of said unstamped paper.

1st. The stamp must be affixed at the time the contract is made; or, if done afterward, it must be done by the collector, upon payment of the $50 penalty, or on proof before him, within twelve months, that no fraud was intended, without payment of the penalty. Until the stamp is affixed in one of these three modes the paper cannot be used as evidence. Act of March 3, 1865, amendatory of section 158 of Revenue Act June 30, 1864. Circular instructions and regulations of May 10, 1867, page 10 and 11, by Commissioner E. A. Rollins. There are decisions in some states that it is beyond the constitutional power of congress to prescribe rules of evidence to state courts. But by express constitutional grant congress may levy an internal revenue, and if so, it may also use all necessary means to make the power effectual as the state being at that time, not in the union and under federal authority, the courts were *quasi* federal courts.

2d. There are many reported cases, under the act of March 3, 1863, amendatory of act of July 1, 1862, and under section 163 of act of June 30, 1864, ruling that an unstamped instrument may be stamped "in the presence of the court, register or recorder" and made valid. 3 Parsons on Contracts (edition 1864), p. 289, 290; Rev. Act June 30, 1864, section 163. But there is no statute which authorizes an instrument made since 30th June, 1864, to be stamped afterward, except before the collector on payment or on proof. 3 Parsons on Contracts, pp. 286, 287.

3d. To permit parol proof of instruments invalid, for want of stamps, would strip the government of all power to enforce stamp duties, by rendering unstamped instruments incompetent as evidence. "The operation of the English and American statutes on unstamped instruments is substantially the same." 3 Parsons on Contracts (edition of 1864), pp. 286, 287. The precise question presented in this case has been repeatedly decided in the English courts in the

way it was in the court below. 9 Bac. Abr. (edition of 1848), pp. 209, 210.

SIMRALL, J. :

Pressley, Greer & Co. sued the New Orleans, Jackson and Great Northern Railroad Company in *indebitatus assumpsit*, for services rendered, in pumping water into the company's tank, for the use of its locomotives during the year 1866.

On the trial the defendant offered in evidence a written contract, by the stipulations of which, Y. O. Pressley & Co. agreed to furnish a supply of water to the company's tank, near Hazlehurst, for the year 1866, in consideration that the plaintiffs might employ the engine used in pumping the water, in sawing wood for the locomotives. Pressley & Co. were to put up the engine in thorough order, and to take good care of the same, and the machinery attached to it. The admission of the paper in evidence was objected to because it was not stamped. Thereupon the defendant proposed, then and there, to attach the stamp, and read the paper. This was refused, and the contract was withheld from the jury.

In a case decided at this term, where a similar application was made, we held that it was competent for the court to allow the stamp to be affixed by the party propounding the paper in evidence. The refusal would be error.

2d. We cannot notice the refusal to grant a new trial. The record proper is silent as to what disposition was made of the motion. But, inasmuch as the cause will be remanded for another trial, it may be proper to state, in general terms, the principles which should govern it. This may be done in general terms, without a separate examination of the instructions granted and refused. If there is an express contract, the plaintiff cannot recover upon an implied one. If there be a special contract, in writing, or verbal, the plaintiff cannot employ the common counts, unless the special agreement has been executed or com-

pletely performed. 1 Chitt. Plea. 340. *Indebitatus assumpsit* will only lie, in case of a special contract, where the *money price* is unpaid, and there has been full performance. Perkins v. Hart, 11 Wheat. 237; Bank of Columbia v. Patterson, 7 Cranch, 299.

Where there is a special agreement to pay for goods, or *services*, in any other way than in money, it must be specially declared upon. Raulett v. Moore, 1 Fost. 336. If the services for which this suit was brought were undertaken and performed under the written contract offered in evidence, the plaintiff ought to count specially on the agreement, because there was no *money* to be paid the plaintiffs on full performance, or it ought to be proved that this agreement had been waived, and another substituted. If the plaintiffs sustained damages by a non-performance by the company, of any stipulation on their part, that breach ought to be distinctly stated. When parties reduce their contract to specific stipulations, neither party can abandon it, and go for a *quantum meruit*. The special contract is to both parties the measure of right and of responsibility.

*Judgment reversed.*