· ISADORE STRAUSS, TRUSTEE, *v.* HENRY F. BALEY.

58   131
75   238

58   131
76   135

1. **REPLEVIN.** *By trustee in deed. Agricultural lien a defence.*

   When the trustee in a deed of trust on cotton for supplies furnished brings an action of replevin to recover the cotton from the landlord, to whom it has been delivered by the grantor in the deed of trust in payment of the rent of the land upon which it was produced, the landlord may assert as a defence to such action his lien, given by the act of 1876, entitled "An act to provide for agricultural liens, and for other purposes."

2. **AGRICULTURAL LIEN.** *For hire of mules. Superior to deed of trust.*

   Where a landlord furnishes mules to his tenant to enable him to cultivate his crop, before notice of a deed of trust on the crop for supplies advanced, he has a prior lien upon such crop as against the deed of trust, under the provisions of the act of 1876 above referred to.

3. **ADVANCES TO TENANT.** *By landlord after notice of mortgage. By other party in interest.*

   Where a landlord has advanced money to a tenant to pay for picking. ginning, baling, and hauling the cotton upon which he has a lien for his rent, and the tenant has delivered to him a part of the cotton in payment of such advances, the trustee in a deed of trust on the cotton for supplies furnished the tenant cannot recover the cotton from the landlord, though the advances were made after the landlord had notice of the deed of trust, if it appears that they were used for the common good of those interested, and were essential in order that the crop of cotton might be made available to the parties interested. And the right of the landlord in such case is no more than would be the right of any other party in interest making advances in like circumstances.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

R. R. Holmes rented a piece of land to James Hudson and A. B. Phillips, as partners, for the year 1879, for five thousand pounds of lint cotton, to be ginned, baled, and delivered at a certain warehouse in Jackson, Mississippi. Holmes also furnished mules to Hudson and Phillips to make their crop that year, for which they were to pay a certain hire. On the 22d of February, 1879, after the contract for rent of land and hire of mules, Hudson and Phillips executed a deed of trust upon their crop to be produced that year on the land rented from Holmes, to E. M. Strauss, as trustee, to secure W. O. Strauss for supplies to be furnished to the grantors during that year. Holmes had notice of the execution of this deed of trust at the time it was executed, and after such notice he advanced the aggregate amount of $213.40 to Hudson and Phillips, to enable them to make and prepare their crop for market. Strauss furnished to Hudson and Phillips, on their deed of trust, supplies to the amount of $350. Fourteen bales of cotton made by Hudson and Phillips on the land rented from Holmes were delivered to him at the warehouse of H. F. Baley, in Jackson, Mississippi, to be applied to their indebtedness to him. Isadore Strauss, who had been substituted as trustee in place of E. M. Strauss in the deed of trust given by Hudson and Phillips for the benefit of W. O. Strauss, sued out a writ of replevin against H. F. Baley, to obtain possession of three bales of the cotton delivered at his warehouse for Holmes. The aggregate weight of the fourteen bales was six thousand six hundred and sixty-four pounds. The aggregate weight of the three bales seized under Strauss' writ of replevin was about one thousand four hundred pounds, leaving five thousand two hundred pounds of the cotton in Baley's possession.

Some other facts of the case not here stated will be found in the opinion of the court.

Baley defended the action of replevin, and the trial resulted in a verdict and judgment in his favor. Strauss thereupon sued out a writ of error, and here assigns for error the action of the court below in relation to evidence and instructions.

The following is the provision of the act of 1876, entitled "An act to provide for agricultural liens, and for other purposes," which defines the respective rights of landlord and mortgagee in relation to the tenant's crop : —

" Sect. 1. *Be it enacted by the Legislature of the State of Mississippi*, That there shall be a lien in favor of all landlords on all the agricultural products raised on the land of such landlord for the rent agreed to be paid by the tenant, and also a lien upon such products for all necessary family and farming supplies and farming implements and stock furnished or advanced to such tenant during the year that such products are raised : *Provided*, such lien for supplies, stock, and implements shall not operate as against other persons to whom such tenant shall have given a deed of trust or mortgage for supplies for said year, and of which said landlord had actual notice before such advancing by such landlord ; and *provided further*, that such lien for rent shall exist only on the products raised during the year for which such rent is claimed."

*M. Green*, for the plaintiff in error.

1. The deed of trust conveyed the legal title of the cotton to the trustee, and, upon condition broken, the law, as well as the contract, vested in him the right of possession. And his right to recover in this action cannot be defeated by the landlord's statutory lien. "A lien is a right *to resort to* the thing on which it operates." 51 Miss. 828. It is not a right *to* the thing, nor a right *in* the thing, but " a right *to resort to* the thing." The landlord had no right of property in the cotton. He had " a claim," which entitled him to seize it in the mode pointed out by the statute, but he could not maintain trover or *assumpsit*.

A lien is a mere security to the party for his money. It is not an estate. The landlord's lien is of statutory creation, with a statutory remedy. Statutory remedies should be strictly construed. 1 How. 293 ; 14 Smed. & M. 47 ; 3 Cushm. 428. Where a statute creates a right and prescribes a remedy, that remedy is exclusive. 5 Geo. 227. The right

of the trustee in this case to maintain replevin is clear, and it was incompetent to assert the statutory lien in defence, both by reason of its character, and because the court could not try an action of replevin for the plaintiff, and the special action under the act of 1876, for the defendant, together. The trustee was entitled to possession of the cotton in order to make distribution. Recovery of possession does not affect the landlord's lien. He should have surrendered possession, and if the distribution should be unfair he could bring a special action and have all rights adjusted in the proper way.

The trustee cannot be driven into equity. He could not bring a bill for possession. His right of action at law for possession is complete.

2. The plaintiff asked the court to instruct the jury that if Holmes had actual notice of the deed of trust before he made advances, then the legal title to all of the cotton vested in the plaintiff, but as the plaintiff concedes the defendant to be entitled to five thousand pounds of cotton, baled, for land-rent, he can only recover the bales over that amount, and that if there were any bales over the rent they should find for the plaintiff as to such bales. This instruction as asked was refused. It contained the proposition that if Holmes had actual notice before making the advances to Hudson and Phillips, then the plaintiff's deed of trust was superior to his lien. The act of 1876 provides that the lien of the landlord for supplies, stock, and implements "shall not operate" as against a deed of trust of which the landlord had actual notice before making his advances. Act 1876, sect. 1. The landlord's lien, in the circumstances stated in the instruction, could be no defence to this action of replevin. The plaintiff concedes to Holmes enough cotton to pay the demand for rent, but contends for the rest.

The fact of payment of the claim for supplies by the tenant avails nothing, because he had no right to pay, or sell the property conveyed by the deed of trust.

*J. W. Jenkins,* for the defendant in error.

1. The plaintiff in error concedes that the defendant in error is entitled to retain eleven of the fourteen bales of cotton made by Hudson and Phillips, for his rent. And there can be no dispute about the fact that, under the agricultural-lien law, Holmes has a lien superior to that of the plaintiff in error, for the hire of mules furnished to the tenants before notice of the deed of trust. Laws 1876, pp. 109, 110. And there can be no doubt that the tenants could take a sufficiency of the cotton on which the lien existed, and use it in payment of the mule-hire, putting a reasonable value upon it. They could not sell the cotton to any one else before paying off the landlord's lien; and it cannot be that the landlord is compelled to resort to the courts to get his money out of the cotton, instead of buying from the tenants at an agreed price, in settlement of the lien claim.

2. If Holmes had a lien for picking and hauling the cotton, etc., superior to Strauss' deed of trust, the tenants had the right to pay it off by delivering a portion of the crop on which the lien rested, in payment thereof. And if a tenant hires hands to pick and haul his crop, a lien is created in their favor for payment of their labor which is superior to every other lien except the landlord's lien for rent. If the landlord hires himself to his tenant to pick cotton, he occupies the position of any other laborer, and acquires a lien upon the crop for his hire. But if, instead of doing the work personally, he employs other parties to do it, and pays them therefor, he will be subrogated to the rights and lien of the parties who actually did the work, so as to entitle him to resort to the property for reimbursement. A laborer's lien is assignable, and the assignee may enforce it. *Kerr* v. *Moore,* 54 Miss. 286.

It must be remembered, too, that the advances in this case for picking, hauling, and baling the cotton were made by the landlord for his protection, to enable him to get his rent; because otherwise a portion of the crop might have been

lost in the field, so that there would not be a sufficiency of the crop to pay the rent due him.

It is not claimed for the defendant in error that, where the agricultural lien exists, it carries with it the right of possession. Of course it does not; but where such lien is paid off with a part of the crop subject thereto, the right of possession in him to whom it is paid exists so as to authorize him to hold that which has been delivered to him as against the mortgagee of the producer.

The court properly instructed the jury, and their verdict was in accordance with the law and the facts.

CHALMERS, C. J., delivered the opinion of the court.

The case divides itself into two branches: first, as to whether the landlord's claim for rent can be asserted in this proceeding; and, second, whether the character of advances made by the landlord in this case is covered by the statutes conferring agricultural liens, most of them having been made after notice of the trust deed held by the merchant.

1. It is conceded that eleven bales of the cotton in controversy had been delivered by the tenants in payment of the rent; that they were not in excess of the amount due; and that the lien of the landlord for his rent was superior to that of the merchant for goods sold. But it is insisted that, the landlord having a mere lien like the lien of a judgment creditor, which gives neither a right of property nor of possession, he cannot successfully resist a writ of replevin brought by a trustee, who has by the trust deed of the tenants been clothed with the legal title and with the right of possession upon condition broken. It is said that the landlord, being a mere lien-holder, must surrender possession to him who is legally entitled to it, and then assert in a court of chancery, or in the special method pointed out by the statute, the priority of lien to which he is entitled.

This view of the landlord's right is too narrow and technical. The crop comes into existence with the statutory right of the landlord inherent in it, which cannot, by any act of the

tenant, be divested.    Where the tenant, by his trust deed, con-
veys the legal title for the benefit of him who sells him goods
or advances him money, the conveyance is intended only as a
security for the debt incurred, and is by law subordinated to
the rights of the landlord. . It certainly cannot be within the
contemplation of the parties that they, or either of them,
thereby disable themselves from doing that which the law
would eventually compel them to do ; and hence it must be
in the power of the tenant to deliver, and of the landlord to
receive, a sufficiency of the crop to satisfy that claim of the
latter which inheres in every portion of it, and overrides every
other debt or demand whatsoever.    It is made criminal by the
statute to sell, remove, or dispose of any part of the crop
which is subject to any of the liens created by the statute
until the same have been satisfied.    It may well admit of
doubt, in view of this statute, whether the trustee could by
writ of replevin take the property from the possession of the
tenant without the consent of the unpaid landlord ; and cer-
tainly he cannot take it from the landlord, to whom it has been
delivered by the tenant to an amount not in excess of his just
demands.    The better course for the party protected by the
trust deed would seem to be to resort to a court of chancery
if he has doubts as to the state of the liens of the several
parties in interest.

2. It is objected that the landlord has no lien in this case
beyond his claim for rent, because the outside claims pre-
sented by him are not protected by the statute.

As to his charge for animals furnished for cultivating the
crop, it is expressly covered by the statute, the contract having
been made before the landlord had notice of the merchant's
trust deed.    The other items are for money paid in handling,
ginning, and packing the cotton, furnishing bagging and ties,
and gathering the crop of one of the tenants who failed to
pick out his cotton, and after the mortgagee had been called
upon to assist in gathering it and failed to do so.    These
claims originated after the landlord had notice of the mer-

chant's advances ; but we think, nevertheless, that they take priority over such advances.

The charges are for work done for the common good of all parties, which was absolutely essential in order that the crop might be made available to those interested. No matter by whom done, if by a party in interest, they must be paid, since they accrued to the common benefit of all.

Judgment affirmed.