EASON, WATKINS & CO. v. JENNIE JOHNSON.

LIEN OF LANDLORD. *Purchaser. Notice.*

> The right of the landlord to recover from one to whom the agricultural products grown on the demised premises, and subject to his lien for rent, have been sold by the tenant, is not affected by the want of notice by the purchaser that the rent is due. The rule of *caveat emptor* applies.

FROM the circuit court of Tate county.
HON. JAMES T. FANT, Judge.

Jennie Johnson brought this action to recover of Eason, Watkins & Co. the value of four bales of cotton raised on her land by her tenant, and by the latter sold to defendants, leaving the year's rent unpaid. It does not seem to be controverted that the cotton was grown on plaintiff's land, and that the rent was due and unpaid. The defense mainly relied on is that defendants purchased without notice of the lien. There was also some evidence tending to show that the tenant had been trusted by the plaintiff to sell the cotton and pay her the proceeds, but the question of fact as to this was settled against the defendant by the verdict of the jury.

The court below, by its instructions, told the jury that defendants were not liable unless, at the time of their purchase, they knew of plaintiff's lien, or had knowledge of facts sufficient to put them on inquiry, and which, if pursued, would lead to a knowledge of plaintiff's claim. But, since the opinion of this court is that their liability would not be affected by lack of notice, the evidence and arguments touching this branch of the controversy are omitted.

*Shands & Johnson*, for appellants,

On the point decided by the court, cited and discussed the following authorities: *Dunn* v. *Kelly*, 57 Miss., 825; *Cohn* v. *Smith*, 64 *Ib.*, 816; *Wooten* v. *Gwin*, 56 *Ib.*, 422.

*Ira D. Oglesby*, for appellees.

All the controverted questions of law were settled by the lower court favorably to appellants, and they cannot complain. The jury found the facts in favor of plaintiff, and the finding will not be disturbed.

COOPER, J., delivered the opinion of the court.

The right of the landlord to recover from one to whom the agricultural products grown on the demised premises have been sold by the tenant, is not affected by the want of knowledge by the purchaser of the fact that the rent is due and unpaid. The lien exists by virtue of a positive law, and the rule of *caveat emptor* applies to all who purchase from the tenant. *Newman* v. *Bank of Greenville*, 66 Miss., 323.

*Affirmed.*