### JACOB J. DUNCAN *v.* LUCY L. JAYNE.

1. AGRICULTURAL LIENS.    *Ginner.*    *Landlord and tenant.*

     The owner of a cotton gin and press, who gins and bales cotton, furnishing the bagging and ties, and who is paid therefor by the tenant, in cotton raised on the leased premises, is not liable to the landlord, whose rent is unsatisfied, for the value of the cotton so received in payment, there being no gin and press on the leased premises, and the landlord's contract contemplated that the tenant would gin and bale the cotton.

2. SAME.    *Ginner's superior lien.*

     The ginning and baling of cotton being for the common good of all interested parties, the ginner who renders service at the employment of a tenant, has a lien thereon superior to all other liens for his services, where its preparation for market is not otherwise provided for by the landlord or other interested party.

FROM the circuit court of Washington county.

HON. F. A. MONTGOMERY, Judge.

The appellee, Mrs. Jayne, was the plaintiff in the court below; appellant, Duncan, was defendant there. The facts are stated in the opinion of the court.

*J. H. Wynn*, for appellant.

Duncan had a statutory lien (*Irwin* v. *Miller*, 72 Miss., 174) superior to every other lien, unless it was inferior to that of Jayne. But I insist that the conduct of Jayne was such as to operate as a waiver of priority in favor of Duncan. If Jayne

ignored his tenant, Holland, and told Duncan that he must gin the cotton, it would be inequitable and unjust afterwards to say that he had a prior lien on the cotton and the charges should be inferior thereto. The ginning had to be done before the cotton could be marketed. Jayne urged Duncan, who ginned cotton for hire, to gin the cotton, and told him he must gin it; and appellee cannot now claim that, because he had furnished money to Holland, the tenant, to pay the charges, that Duncan has no lien upon the cotton. In *McCormick* v. *Blum*, 75 Miss., 81, McCormick, a manager, had a lien on cotton shipped by him to Greenville. In a suit by him to recover the proceeds of the cotton, this court says that '' he, the appellant, not only consented to what was done in shipping the cotton to Greenville for the purpose of sale, but that he himself was the person that shipped it, and that he is estopped to assert a lien against it." In *Cohn* v. *Smith*, 64 Miss., 821, the landlord consented for the tenant to sell cotton because she desired him to discharge a debt owing to her. In a suit against the purchaser by the landlord, the court says that she was estopped. Here Jayne had a lien on the cotton. Desiring to get it into market, he urged Duncan to gin it as early as possible, knowing that Duncan charged for the ginning, and saying nothing to Duncan about having given money to the tenant to pay the charges. He should be estopped.

The reporter finds no brief for appellee of record.

TERRAL, J., delivered the opinion of the court.

This is a suit by Mrs. L. L. Jayne, the landlord, against J. J. Duncan for the value of two bales of cotton appropriated by him, with the consent of R. H. Holland, the tenant of Mrs. Jayne, to pay Duncan for the ginning of the cotton of said tenant during the season, the said landlord's rent and supply bill being unpaid. The evidence showed that Holland was the tenant of Mrs. Jayne, and was owing her several hundred dollars

for rent and supplies, and that Duncan, with the consent of Holland, had furnished the bagging and ties, and ginned the cotton raised by Holland on the place leased by him of Mrs. Jayne, and had received and appropriated to the payment thereof two bales of cotton raised by said tenant, Holland. There was evidence that Jayne, the husband of plaintiff, expected the tenants to have the cotton raised by them ginned and baled, and that there was no gin on the lessor's land, and that the tenants, in order to comply with the contract with the lessor, must gin and bail the cotton raised by them. A peremptory instruction was given for the plaintiff below.

We think that Duncan was entitled to a verdict, upon the evidence before the court. The ginning and baling of the cotton was necessary to prepare it for market, and, with no gin on the leased premises, it could not have been expected by the lessor that the tenant would gin and bale the same without incurring a charge therefor, and the lessor, under the circumstances, must be taken as consenting to its payment out of the crop grown by the tenant. The charge for ginning and baling the crop being for the common good of all the parties interested, and being absolutely essential to make it available to them, constituted it, from the necessity of the case, a lien upon the crop superior to all other liens, whether of the lessor or others. *Strauss* v. *Baley*, 58 Miss., 131.

*The judgment of the circuit court is reversed, and a new trial is granted.*

*J. B. Stribling*, for appellee, suggested error as follows:

It is error to hold that the charges for ginning the crop, created, from the nature of the case, a lien on the cotton superior to the lien of the landlord. The code of 1892 gives the landlord a lien on the crop grown by his tenant, which is ''paramount to all other liens, claims, or demands upon such products.'' Sec. 2495. Code of 1892, § 2682, in relation to employers and employes,

provides that "every employe, laborer, cropper, part owner, or other person who may aid, by his labor, to make, gather, or prepare for sale or market, any crop, shall have a lien on the interest of the person who contracts with him for such labor for his wages." But it provides further that the lien of the person who may aid, by his labor, to prepare for sale or market, any crop, "shall be paramount to all liens except the lien of the lessor of the land on which the crop is made, for rent and supplies furnished, as provided in the chapter on landlord and tenant."

*The suggestion of error was denied.*