J. B. Colt Co. *v.* McCullough.*

[105 So. 744.   No. 25085.]

(Division B.   Nov. 2, 1925.)

1. Evidence.. *If written contract contains warranties, evidence of oral warranties, not made subsequent thereto for additional consideration, are inadmissible.*

Where a contract in writing contains stipulated warranties, evidence of oral warranties, not made subsequent to the execution of the contract for additional consideration, are inadmissible.

2. Evidence. *Terms of written contract, negotiated by agent stipulating that no representation by agent had been made other than those in contract, cannot be varied by showing other representations made at time of signing.*

Where a written contract was negotiated by an agent, and contained a written stipulation that no agent had made any representation other than those embraced in the contract, and such contract shows on its face that it was to be sent to the principal at its home office for acceptance or rejection, the terms of the contract cannot be varied by showing other representations made at the time of the signing of the contract by the first party as the contract is the sole repository of its terms. *J. B. Colt Co. v. Odom*, 136 Miss. 651, 101 So. 853, cited.

3. Sales. *Buyer of lighting plant, not promptly tendering it back on discovering "defects," held entitled to recover only difference between purchase price and actual value of plant.*

Where a lighting plant contract contained a warranty as to material and workmanship, and the plant is installed and ac-

cepted by the buyer, and is not wholly worthless, and is not promptly tendered back to the seller on discovering "defects," the buyer can only recover for defects; i. e., the difference between the purchase price and the actual value of the plant as installed.

---

*Headnotes 1. Evidence, 22 C. J., Section 1677; Right to show parol Warranty in connection with a contract of sale of personalty, see note in 19 L. R. A. (N. S.) 1183; 10 R. C. L. 1028; 2 R. C. L. Supp. 1142; 2. Evidence, 22 C. J., Section 1644; 3. Sales, 35 Cyc., p. 470.

APPEAL from circuit court of Choctaw county.

HON. T. L. LAMB, Judge.

Action by the J. B. Colt Company against Sam T. McCullough. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*J. D. Guyton,* for appellant.

Our statute, section 744, Code of 1906, narrows the scope of the general issue and requires that notice must be given of any new matter intended to be relied on as a defense. If such notice is not given, proof cannot be made of any such fact relied on at the trial in defense. *Tittle* v. *Bonner,* 53 Miss. 578; *Grayson* y. *Brooks, Neeley Co.,* 64 Miss. 417, 1 So. 482; *Alliance Trust Co.* v. *Nettleton Hdw. Co.,* 74 Miss. 593, 21 So. 399; *Y. & M. V. R. R. Co.* v. *Grant,* 86 Miss. 569, 38 So. 502.

Narrowed down to its real meaning and tersely stating its purpose and effect, the plea of defendant is twofold: (1) That there was a breach of the warranty or guarantee to the effect that the apparatus would give "perfect satisfaction" and failed to do so. (2) That the apparatus was worthless; in other words, there was a total failure of consideration.

It will be noted that partial failure of consideration is not pleaded and proof thereof cannot be made under the general issue. 8 C. J., Bills and Notes, section 1265; *Brewer* v. *Harris,* 2 S. & M. 84. Mrs. McCullough testified that she gave the plant all attention, recharged it, etc.;

and that for six or seven months it worked pretty well, and after it was fixed once or twice, it would work all right for two or three weeks and get out of fix again. And the letters she wrote for the defendant show that the only complaint the defendant or his wife, as its operator, has to make was that it used too much carbide. All this testimony shows clearly that this plant was not a failure at all, that it was not worthless even as a light plant, and that all it needed was keeping the joints painted so the carbide gas would not leak out. It is clear that there was not a total failure of consideration. Since it is clear that there was not a total failure of consideration, then it follows that the plaintiff's requested instruction to find for it in the total amount sued for, as shown on the face of the note, should have been given.

Proof of partial failure of consideration will not justify an instruction on the hypothesis of total failure. 8 C. J., Bills and Notes, section 1397, page 1078, citing *Curry* v. *Harden,* 109 Mo. App. 678. And a note thereunder says that it is error to give an instruction which fails to distinguish between total and partial failure of consideration. In addition, the defendant signed the report of the installer of this plant, under the heading of "Purchaser's Statement," saying: "The installation is complete and satisfactory."

It is submitted that the plea of defendant does not put in issue an implied warranty of fitness for purpose intended. The written order clearly states that it is the entire contract between the parties and contains an express warranty that the apparatus sold is a thoroughly durable, galvanized acetylene generator, automatic in action, and of good workmanship and material. This express warranty excludes any implied warranty of fitness. 35 Cyc. 392; 35 Cyc. 447, 448 and 451.

This case must be reversed.

*Allen & Morgan,* for appellee.

The appellant relies on the doctrine of *"caveat emptor,"* which, of course would not apply in this case. The issue was fully joined on a warranty, a guaranty and a misrepresentation of quality and performance. The court fully instructed the jury in the case and the jury on hearing the facts and with the law as its guide, then found for the defendant.

Appellee bought from appellant a light plant, giving the note here in question as part of the purchase price for the same. He received no light plant, but only a pile of junk, worthless and useless, and neither this court nor the lower court is warranted in dealing with conjectures as to the value of the stuff delivered to the appellee by appellant.

The pleadings clearly put the warranty in issue, the notice pleads it and the reply makes the order which embraces the warranty, even so thin, a part of the issue, and on that very lead he tried to evade responsibility and avoid the breach of the warranty of the plant. We submit, therefore, that there was no error prejudicial to the appellant committed in the record.

ETHRIDGE, J., delivered the opinion of the court.

The appellant sued the appellee upon a promissory note dated June 2, 1919, and payable one year after date. The defendant pleaded the general issue, and gave notice under the general issue that he would offer evidence in avoidance of the notes sued on to the effect that the plaintiff or its legal representative, through fraud, misrepresentation, and deceit, obtained the note for one carbide generator and appliances necessary to make a home lighting outfit; that plaintiff, through its agent, represented to the defendant that the said generator would give perfect satisfaction, and that same was guaranteed to give perfect satisfaction, and that defendant accepted the apparatus upon such representation and guaranty, and executed said note, believing such representations and guaranty to be true; that plaintiff had the apparatus installed, and immediately after its installation the plain-

tiff's agent, who installed the apparatus, left the defendant's home, and that defendant discovered that said apparatus was not as represented by the plaintiff and its legal representative; that said apparatus is a complete failure, and has never given satisfaction, and has been absolutely worthless to the defendant; that such representations made by the plaintiff through its agent were made with fraudulent intent, and that plaintiff and its agent knew that such representations and warranties were false, fraudulent, and untrue; that defendant notified plaintiff immediately that said apparatus was not as represented, which notice was ignored; that defendant notified plaintiff a second time that said apparatus was not giving satisfaction, and that he was using every effort to make use of the said apparatus, but that all of his efforts had been failures; that said apparatus is worthless to perform any part of the services represented.

Plaintiff replied to the said notice, denying the said alleged false representations, and setting up the contract between the appellant and the appellee for the purchase of said generator, and that the terms of this contract could not be varied and disputed by parol evidence. This contract had the following specific warranty:

"Warranty: It is agreed that in accepting this order the company warrants the apparatus furnished to be a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the national board of fire underwriters."

The contract also contained the following: "In case of default in any of the above payments, or in case of the failure or refusal of the purchaser to execute and deliver to company upon its request, the said notes, then, in either case, the deferred payments remaining unpaid shall at once become due and payable," etc.

"This order shall become a contract between the purchaser and the company upon acceptance thereof in the

space below by one of the officers of said company, it being understood that this instrument upon such acceptance covers all the agreements between the purchaser and the company. And that no agent or representative of the company has made any statement or verbal agreements modifying or adding to the terms or conditions herein set forth. It is further understood that upon the acceptance of this order the contract so made cannot be canceled or revoked by either party, nor may it be altered or modified by any agent of the company in any manner except by agreement in writing between the purchaser and the company acting by one of its officers. Payment shall be made only by check, draft, or promissory note drawn to the order of the company.''

There was a requested peremptory instruction for the plaintiff which was refused.

For the defendant, among other things, the court instructed: ''The court charges the jury for the defendant, S. T. McCullough, that, if you believe from the testimony in this case that the plant sold to S. T. McCullough as a light plant by plaintiff is worthless as such, then there is a failure of consideration in this case, and the jury will return a verdict for the defendant.''

The court also instructed for the defendant: ''That if you believe from the testimony in this cause that at the time of the execution of the note in suit in this cause that the agent or agents of the plaintiff, at the time of the installing of the said plant, and after the contract had been made and ratified by the plaintiff, made certain representations and warranties as agent for plantiff to the defendant that the said light plant would do and perform certain things as thus represented, and if you further believe from the testimony that the defendant executed the note in suit on the faith of said representations and warranties made by said agent or agents, and that the said light plant would not do and perform the things represented and warranted by said agent at the time of the execution of the said note in suit, then the law in this cause is for the defendant, and the jury will so find.''

The company, appellant here, accepted the contract at its home office in the space provided for, and the plant was installed at the defendant's residence, and the defendant signed the statement that he had witnessed the installing of the plant, and that it was entirely satisfactory, and the note sued on was signed by the defendant.

It further appeared in evidence that at first the plant worked very well, was operated mainly by the wife of the defendant, but both the defendant and his wife testified that the plant would get out of order and that it consumed too much carbide.

The verdict was for the defendant.

The contract here is the same contract as was construed by this court in the case of *J. B. Colt Co.* v. *Odom,* 136 Miss. 651, 101 So. 853, in which case it was held that the contract, being sent to the company for acceptance, with the stipulation therein signed by the purchaser that no representation had been made by an agent except those contained in the contract, could not be contradicted and varied by parol evidence. It was also held in that case that, where the property is not entirely worthless, and where it has been warranted as to quality and workmanship, it is the duty of the purchaser to return or to offer to return such property for a breach of warranty within a reasonable time after the same is discovered. If he retains the property after such notice and without such offer, he can defend only as to the difference between the value of the article as warranted and the purchase price paid therefore. This decision is controlling in all respects here. There are some differences in the instructions and the forms in which the questions arose in the two cases, but they are immaterial.

The judgment will therefore be reversed and the case remanded for a trial in accordance with this pronouncement.

*Reversed and remanded.*