JUNIUS HART PIANO HOUSE, LIMITED, *v.* STEWART.*

(Division A.    Jan. 24, 1927.)

[111 So. 106.    No. 25890.]

EVIDENCE.    *Testimony of agent's representations, held erroneously admitted in replevin for piano sold under stipulations against agreements not contained in written contract.*

Where contract for sale of piano provided that it was subject to principal's approval, and stipulated that no verbal or written agreement not contained therein would be recognized, testimony relative to agent's representations that piano contained mandolin attachment was erroneously admitted, in action in replevin to recover piano, particularly since instrument had been retained without giving notice to principal that it was unsatisfactory or not in full compliance with terms of sale.

*Corpus Juris-Cyc. References: Evidence, 22CJ, p. 1253, n. 36.

APPEAL from circuit court of Pearl River county.
HON. J. Q. LANGSTON, Judge.

Action in replevin by the Junius Hart Piano House, Limited, against F. E. Stewart. Judgment for defendant and plaintiff appeals. Reversed and remanded.

*J. E. Stockstill* and *Grayson B. Keaton,* for appellant.

The contract in this case was taken by an agent and became final when approved by the Junius Hart Piano

House. The contract when approved by the company had nothing in it about furnishing a mandolin attachment for the piano sold. The representations of the agent, A. J. Rogers, after reducing the contract to writing, which were not contained in same, were not admissible. *J. B. Colt Co.* v. *Odom,* 101 So. 853; *J. B. Colt Co.* v. *McCullough,* 105 So. 744.

The contract was properly complied with in the shipment and delivery of the piano. Defendant failed to make the payments and then upon the institution of replevin suit and the seizure thereof, he retained it under bond, added to the use and wear and tear and destruction of the piano, and now claims for the first time a failure of consideration.

*J. M. Morse, Jr.,* for appellee.

This was an executory contract. The Junius Hart Piano House by and through its agent, Mr. Rogers, represented to Mr. Stewart that the piano had as an integral part thereof an attachment which would change piano music into string band music and he showed them a picture of the piano, the mandolin attachment being a part that went in on the inside of the piano and did not show from a mere inspection of the picture. Mr. Stewart, relying upon the representations made by the agent of the appellant, signed the contract. There is a difference between an executed contract and an executory contract. See *Morse* v. *Moore,* 23 A. S. R. 783 and notes; 13 C. J., page 245; *Isadore Strauss & Son* v. *Nat'l Parlor Furniture Co.,* 75 Miss. 343.

When the piano came, Mr. Stewart examined the piano and found that it was not the piano which he agreed to buy; to-wit, a piano with a mandolin attachment. The same agent, Mr. Rogers, representing the appellants, called upon Mr. Stewart and stated that while the attachment should have been placed in the piano at the factory, yet that appellant had a man who was doing that

kind of work for the company and that he, representing the company, would have him put it in. On that promise Mr. Stewart let appellant's agent take the old piano.

There was nothing in the case at bar to bring the case within any of the rules of law as set out by the appellant. A misrepresentation was made by the agent. The misrepresentation was called to the attention of the agent. The agent promised to rectify and failed to do so. The act of the agent in this case constitutes a fraud. See *Hirschburg Optical* v. *Jackson,* 63 Miss. 21; *Folkes* v. *Pratt,* 86 Miss. 254; *Strauss* v. *Furniture Co.,* 76 Miss. 343 and *Howie* v. *Platt,* 83 Miss. 15.

While the appellee was willing to adjust the matter by allowing the appellant to install the attachment, if it could be done, relied upon the statements made by the agent of the appellant, and allowed his old piano to go as part payment, yet he waived none of his rights by so doing. See *Underwood* v. *Wolf,* 131 Ill. 425, 19 A. S. R. 40.

But, says the appellant, they are not bound by the statements of the agent, because the contract is so worded that no verbal or written agreement or understanding not contained therein would be recognized. The statement made by the agent of the appellant that the particular kind and number of piano did have as an integral part thereof this attachment was a fraud and such a fraud as would vitiate the contract. *Folkes* v. *Pratt,* 86 Miss. 254. See, also, *Bloodsworth,* v. *Stevens,* 57 Miss. 475; *Bates* v. *Snider,* 57 Miss. 497; *Gabbert* v. *Wallace,* 66 Miss. 618; *Dreyfus* v. *Cage,* 62 Miss. 733.

*J. E. Stockstill* and *Grayson B. Keaton,* in reply, for appellant.

Appellee's statement that the act of the agent in this case constituted fraud has no application here; mainly for the reason that the contract is merely a lease contract with the conditional right, of course, to pay the full

amount and become the owner of the piano. He accepted the instrument, played it the first day he received it and made no demands on the company to furnish the attachment or to take back the property. Under the contract there is nothing in the case at bar in the testimony to show that the piano was not strictly up to the kind and quality ordered.

Stewart at all times had notice by the written contract itself that Rogers had no authority except to induce sale of pianos and take the signature of any purchaser for the printed contract. 24 R. C. L., section 524, page 246.

Cook, J., delivered the opinion of the court.

The appellant, Junius Hart Piano House, Limited, instituted an action in replevin to recover possession of a certain piano which had been previously sold by the appellant to the defendant, F. E. Stewart, and, from a verdict and judgment in favor of the defendant, this appeal was prosecuted.

On October 31, 1924, the appellant's local representative at Poplarville, Miss., negotiated a contract to sell and deliver to the appellee one Kimball player piano, style No. 44, at and for the price of six hundred seventy-five dollars, two hundred and fifty dollars of which was to be paid by the delivery to the appellant of a second-hand piano then owned by the appellee, and the balance to be paid in installments extending over a period of two years. This contract of sale was in writing, signed by the appellee, and it set forth the payments to be made by the appellee, and described the piano sold and to be delivered as one "Kimball player, No. 342845, style 44," and reserved the title of said piano in the appellant until all the deferred installments of the purchase price had been fully paid. Across the top of this contract there was printed, in bold type, the following: "This contract taken subject to the approval of Junius Hart

Piano House, Limited," while at the bottom of the contract there was printed a special notice reading as follows: "Special Notice—Carefully read the terms of this contract before signing, as no verbal or written agreement or understanding not contained therein will be recognized by us." The appellee signed this contract in the regular space provided thereon for the signature of the purchaser, and also signed it again just under the above-mentioned "special notice."

Over the objection of the appellant, the appellee was permitted to testify that the agent who negotiated the contract of sale represented that the style 44, Kimball piano, contained a mandolin attachment, that this representation was the moving cause of his purchase of the piano, and that, if it had contained this mandolin attachment, he would have paid the contract price. He admitted that on the day the piano was delivered he discovered that it did not have this attachment. He further testified that, after he discovered that the piano did not have the mandolin attachment, he took the matter up with the local agent who had sold it to him, and that this agent promised to have the attachment put in, and that, on the strength of this promise, after he had used the piano about two weeks, he made the first payment of two hundred and fifty dollars by delivering his old piano to the appellant. He further testified that he made frequent complaints to appellant's local agent at Poplarville, but that he never, at any time, made any report or complaint to the appellant on account of the absence of the mandolin attachment, and that he never offered to return the piano. He made no further payments on the purchase price thereof, and to the frequent letters and demands for payment from the appellant he made no response whatever, but continued in the possession and use of the piano until July 30, 1925, when this suit was filed.

In the case of *J. B. Colt Co.* v. *McCullough,* 141 Miss. 328, 105 So. 744, it was held that:

"Where a written contract was negotiated by an agent, and contained a written stipulation that no agent had made any representation other than those embraced in the contract, and such contract shows on its face that it was to be sent to the principal at its home office for acceptance or rejection, the terms of the contract cannot be varied by showing other representations made at the time of the signing of the contract by the first party, as the contract is the sole repository of its terms."

This rule applies to the facts in the case at bar. The contract here involved bore upon its face the notation that it was subject to the approval of the principal before it should become binding, as well as the further stipulation that no verbal or written agreement or understanding not contained in the written contract itself would be recognized by the appellant company. The appellant accepted the contract without any notice therefrom that a mandolin attachment was desired or required to comply with the terms thereof, and it delivered a piano of the exact kind and description called for in the contract of sale. The appellee received this piano, and, after he had the possession and use thereof for two weeks, and had discovered that it did not contain the desired attachment, he made the first payment of the purchase price, and thereafter retained the possession and use thereof for a period of about nine months, without any offer to return it, and without giving the appellant company any notice whatever that the instrument was unsatisfactory or not a full compliance with the terms of sale. Under these circumstances, the terms of the written contract of sale cannot be varied or added to by proof of oral representations made by the agent prior to and at the time of the signing of the contract. Neither is the position of the appellee improved by reason of the fact that he testified that he notified the local agent of the company of the defect in the piano, and that this agent promised to remedy the defect by supplying a mandolin attachment, since by the original contract the ap-

pellee was fully notified that this agent had no authority to make such representations, and that no representations, agreements, or understandings not contained in the written contract would be recognized by the appellant company.

For the error in admitting testimony to vary and add to the terms of the written contract, the judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*