## CAVINS v. PLANTERS BANK & TRUST CO. et al.

No. 13366.

United States Court of Appeals
Fifth Circuit.

April 2, 1951.

---

Stovall Lowrey, Clarksdale, Miss., J. J. Breland, Sumner, Miss., for appellant.

Oscar B. Townsend, Arthur B. Clark, Jr., Indianola, Miss., E. Cage Brewer, Jr., Clarksdale, Miss., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought by Mrs. Neva Cavins, plaintiff, to recover from the defendant, Planters Bank & Trust Company, trust funds on deposit which represented proceeds from the sale of cotton grown upon her land, and also the amount received from the sale of farm chattels of her tenant upon which she held a deed of trust. An accounting is sought of the defendant bank for the money it received from the sale of the cotton crop, and the suit further seeks to require the bank to cancel a deed of trust which it claimed against the land and was threatening to foreclose.

Plaintiff, a resident of Ohio, owned a section of farm land in Sunflower County, Mississippi. In the year 1946 she rented her land to one H. A. Buford for a five year term, at a rental of $5,000 per year, and the agreement was evidenced by a written and recorded rent contract with rent notes payable annually. Plaintiff and her son-in-law, Ferris Owen, with whom plaintiff had operated the farm as a partnership for a time after the death of her husband, also sold the farm machinery and equipment to the tenant, Buford, under a deed of trust.

The tenant, Buford, had trouble obtaining money to raise a crop in the year 1947, and plaintiff helped him to get a $10,200 loan from the defendant bank by waiving her landlord's lien for rent and joining with the tenant in a deed of trust to the bank. Plaintiff obtained from Buford a second deed of trust, covering his farm machinery and equipment and the crops on the land, as security for her land rent and her contingent liability under the deed of trust which she and Buford had executed in favor of the bank.

The 1947 crop was a failure, and Buford was unable to pay but a portion of the debt to the bank, and paid nothing to plaintiff on the rent. In the early part of 1948, plaintiff tried to help her tenant again in much the same manner as she had the year before. She executed, as guarantor for Buford and as a waiver of her lien for rent in the amount thereof, another deed of trust for $20,000, in order to secure

a new loan for him in that amount from the defendant bank.[1] The property conveyed as security by this deed of trust included the tenant's farm machinery and equipment, the crop for the year 1948, and also the land belonging to plaintiff. Before disbursing the proceeds of the loan to the tenant, the bank first paid itself the balance due with interest on his 1947 debt, amounting to $8,435.48, as well as back taxes for 1947 on the land in the sum of $722.52, and interest on a first mortgage on the land in the amount of $774.00. The balance of the $20,000 was credited to Buford's account for his use in making a crop.

In order to secure plaintiff for her unpaid rent for 1947 and the rent due for 1948, and to protect her on her contingent liability under the second deed of trust to the bank, Buford gave plaintiff another deed of trust on his farm machinery and equipment, as well as the crops to be grown, in the amount of $20,000, plus an additional amount up to $1,000. This second deed of trust to plaintiff was recorded immediately after the bank's second deed of trust, and it recited that it was subordinate to the deed of trust in favor of the bank.

This second $20,000 loan to the tenant, Buford, still did not relieve his financial difficulties, and the loan was soon exhausted. Thereupon, Buford sought and obtained from the bank the additional $1,000 provided for in the second deed of trust to the bank, and plaintiff went on Buford's note for this additional advance.

By the fall of the year 1948, Buford had on hand a good sized cotton crop, but he had then exhausted the additional $1,000 advanced to him, and had no money with which to pay for picking the cotton. The president of defendant bank, after inspecting the crop, decided that it was worthwhile for the bank to advance Buford enough money to pay for having the cotton picked, and so the bank began to advance further money to Buford on his own individual notes. These additional advances were made without notice to plaintiff, and without asking her for any further waiver of her landlord's lien. The amount thus advanced to Buford over and above the $21,000 secured by the second deed of trust in favor of the bank was $8,490. Not all of this amount was used to pay for picking the cotton, a small portion thereof being used by Buford for living expenses and the payment of some of his old debts.

After the cotton crop grown on plaintiff's land was picked, it was stored in a bonded warehouse, and the warehouse receipts therefor were delivered by Buford to the defendant bank. The bank later notified Buford that the $21,000 indebtedness plus interest, which had been secured by the second deed of trust to the bank, was due and payable. Buford thereafter obtained the warehouse receipts from the bank and sold the cotton. He delivered the proceeds of the sale, which were more than ample to pay the bank its $21,000 plus interest, back to the bank.

Without notifying either plaintiff or her tenant, Buford, the bank applied the proceeds from the sale of the cotton first to the payment of the additional advances made to Buford on his individual notes in the amount of $8,490, plus interest. It applied the balance against the loan of $21,000 secured by the second deed of trust in its favor, leaving a balance due over and above the amount received from the sale of the cotton of $8,850. The bank claimed that plaintiff was still obligated to it under the second deed of trust for this balance of $8,850 plus interest, and threatened foreclosure on plaintiff's land in order to collect it.

Plaintiff denied owing the above amount to the bank, and insisted she was entitled to have the proceeds from the sale of the cotton applied first to the indebtedness of $21,000 plus interest, as secured by the second deed of trust to the bank; that any excess in the hands of the bank over that amount should be paid to her to apply on her 1948 land rent; that the cotton crop

---

1. This deed of trust recited that it also secured additional amounts which might be due the bank "provided the additional amounts thus to come due shall not exceed $1,000.00".

908

still unharvested when gathered should be applied on her rent for 1948 and the unpaid rent for 1947; further, that she had a lien under her deed of trust on the farming equipment and machinery of the tenant, Buford, to secure her rent notes, which was entitled to priority after payment of the $21,000 and interest secured to the bank under the second deed of trust, for the reason that her deed of trust on the farming equipment and machinery was subordinate only to the bank's deed of trust for $21,000.

In order to dispose of the farming machinery and equipment and preserve the remainder of the cotton crop, plaintiff and defendant entered into an agreement, in which the tenant Buford joined, whereby the farm chattels were sold, the remaining crop harvested, and the net proceeds deposited in the defendant bank to the credit of a trustee, pending the outcome of this suit. The sum of $4521.11 is deposited in that account, of which the amount of $3,068.49 was realized from the sale of the chattels and $1,452.62 from the sale of the remaining cotton. There is also an additional balance of $503.87 in the bank credited to Buford's account, which represents proceeds from the sale of crops grown on plaintiff's land, and which has not been applied on any indebtedness.

We are of opinion that plaintiff had a superior lien upon the crops grown on her land during the year 1948, after the bank had received a sufficient sum from the sale of the crops to discharge the $21,000.00 loan secured under its deed of trust. Section 908, Mississippi Annotated Code of 1942; Eason et al. v. Johnson, 69 Miss. 371, 12 So. 446; Newman v. Bank of Greenville, 66 Miss. 323, 5 So. 753; Ball, Brown & Company v. Sledge, 82 Miss. 749, 35 So. 447. Any equitable lien which the bank may have had on the cotton as security for the advances made to gather the crop was not superior to the landlord's lien accruing to plaintiff, or the lien of her subordinate deed of trust. 52 C.J.S., Landlord and Tenant, § 633, p. 481; Tennessee Joint Stock Land Bank v. Bank of Greenwood, 179 Miss. 534, 172 So. 323; Cf. Strauss v. Baley, 58 Miss. 131.

The evidence here does not reveal that plaintiff either expressly or impliedly waived her landlord's lien or the lien of her deed of trust in favor of the bank, nor that she is estopped from asserting the priority of her statutory lien and the lien of her deed of trust as against the bank. See 56 Amer.Juris. 347, Warehouses, Section 54. Moreover, it was not shown that Ferris Owen was the agent of plaintiff with either actual or apparent authority to waive plaintiff's landlord lien or the lien of her trust deed. Aetna Life Ins. Co. v. Singleton, 174 Miss. 556, 164 So. 13; Wellford & Withers v. Arnold et al., 162 Miss. 786, 140 So. 220; Royal Feed & Milling Co. v. Thorn, 142 Miss. 92, 107 So. 282.

The cause is hereby reversed and remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.